IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-00193-SEH |
| JASON EUGENE ELLETT, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is Defendant's opposed motion to dismiss the indictment. [ECF No. 17]. For the reasons provided below, the motion is DENIED.

**I. Background/Procedural History**

A federal grand jury charged Jason Eugene Ellet in a one count indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). [ECF No. 2]. Ellett moves to dismiss the indictment; he contends that the criminal statute under which he is charged, Section 922(g)(1), is unconstitutional as applied to him. [ECF No. 17 at 2]. Because *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) remains binding Tenth Circuit precedent, this Court is obligated to follow that decision and deny Ellett's motion. However, even under the framework set out in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1

(2022), the result is the same. Because this Nation's historical tradition of firearm regulation at and around the time of the founding includes laws that are analogous to the contemporary disarmament of convicted felons like Ellett, Section 922(g)(1) is a valid exercise of congressional authority.

## II. Analysis

### A. The Parties' Arguments

Ellett makes four main arguments to support his position that Section 922(g)(1) is unconstitutional as applied to him. First, Ellett argues that the Tenth Circuit's decision in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023) was vacated by the Supreme Court, is no longer binding on this Court, and was incorrectly decided. [ECF No. 17 at 2–3, 12–15]. Second, Ellett is among "the people" protected by the Second Amendment. [*Id.* at 5–8]. Third, the Second Amendment's plain text covers Ellett's alleged conduct. [*Id.* at 8–9]. And fourth, the government cannot meet its burden to show that Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation. [*Id.* at 9–12]. This, according to Ellett, is because the Nation's historical tradition only supports disarmament of individuals who have a proclivity for violence or whose firearm possession would threaten public safety. [*Id.* at 9–12]. Because Ellett's prior felonies are non-violent in nature, he argues that the Court should hold that "there is no historical tradition supporting the permanent, perpetual disarmament of persons who have been

alleged to have committed crimes like Mr. Ellett's alleged prior felonies." [*Id.* at 12].

The government's response is nearly identical to its response in two cases that were recently before the undersigned: *United States v. Sutton*, No. 24-CR-00168-SEH, 2024 WL 3932841 (N.D. Okla. Aug. 23, 2024); and *United States v. Wallace*, No. 24-CR-00121-SEH, 2024 WL 4256707 (N.D. Okla. Sept. 20, 2024).

Ellett was granted leave to file a reply in support of his motion. [ECF No. 20]. In his reply, Ellett argues that the Court should not consider factual allegations included in the government's response that are not contained in the indictment. [ECF No. 21 at 1]. Ellet further argues that the Court should follow the decision in *United States v. Forbis*, No. 23-CR-00133-GKF, 2024 WL 3824642 (N.D. Okla. Aug. 14, 2024) and determine that it is not bound by the Tenth Circuit's decision in *Vincent* and *McCane*, and focus on whether Ellet's underlying felonies demonstrate that he poses a danger to the public if armed. [ECF No. 21 at 1–4]. Additionally, Ellett asserts that one of the predicate convictions listed in the indictment (bail jumping under Okla. Stat. tit. 22, § 1110) is not punishable by imprisonment for a term exceeding one year and cannot support a conviction under Section 922(g)(1), and the Court should strike that predicate offense from the indictment pursuant to Fed. R. Civ. P. 7(d). [*Id.* at 2].

3

Ellett also reiterates in his reply that the relevant conduct for Second Amendment protection is firearm possession, not possession of a firearm "while holding a particular status." [ECF No. 21 at 4–5]. Finally, Ellet provides several specific responses to the government's historical analysis of firearm regulation. [*Id.* at 5–10].

## B. Discussion

Most of the arguments raised by the parties in this case were raised and addressed by the Court in *Sutton* and *Wallace*. The Court has carefully considered these arguments and finds that for the reasons explained in *Sutton* and *Wallace*, Section 922(g)(1), as applied to Ellett, is a constitutional limitation on his Second Amendment rights. The Court will, however, specifically address a few additional points.

First, the Court assumes without deciding that Ellett is among "the people" protected by the Second Amendment.

Second, the Court agrees that it is bound by the factual allegations in the indictment. *See United States v. Welch*, 327 F.3d 1081, 1090–91 (10th Cir. 2003), *abrogation on other grounds recognized in United States v. McBride*, 94 F.4th 1036, 1043 n.9 (10th Cir. 2024). However, this point is not outcome-determinative under the Court's analysis. If Ellett is a convicted felon, regardless of the facts or circumstances of his underlying felonies, restricting his Second Amendment rights under Section 922(g)(1) comports with this

Nation's history and tradition of firearm regulation. *See Sutton*, 2024 WL 3932841, at *5–9.

Third, Ellett contends that because bail jumping under Okla. Stat. tit. 22, § 1110 is not punishable by imprisonment for a term exceeding one year, a conviction under that statute cannot support a conviction under Section 922(g)(1). However, Ellett was not convicted under Okla. Stat. tit. 22, § 1110. He pled guilty to bail jumping under Okla. Stat. tit. 59, § 1335. Judgment and Sentence on Motion to Revoke Suspended Sentence at 1, *State of Oklahoma v. Ellett*. (Dist. Ct. of Tulsa Cnty. State of Okla. Apr. 12, 2016) (online docket sheet available at https://oscn.net/dockets/GetCaseInformation.aspx?db=ottawa&number=CF-2011-272).[1] Unlike Okla. Stat. tit. 22, § 1110, Okla. Stat. tit. 59, § 1335 permits punishment by imprisonment for a term exceeding one year.

---

[1] The Court takes judicial notice of this state court filing. *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1205 (taking judicial notice of filings from a state court); *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. Sept. 19, 1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Thompson v. Sanders*, No. 17-CV-308-GKF-FHM, 2017 WL 11493746, at *1 n.1 (N.D. Okla. Nov. 16, 2017) (quoting *Thompson* with approval to take judicial notice of Oklahoma state court charges); Fed. R. Evid. 201(c)(1) ("The Court … may take judicial notice on its own); 21B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5106.4 (2d ed. 2017) (June 2024 update).

Therefore, the Court denies Ellet's request to strike the bail jumping charge from the Indictment pursuant to Fed. R. Crim. P. 7(d).

### III. Conclusion

For the reasons explained in the Court's prior orders cited above and the additional reasons stated in this order, Defendant Jason Eugene Ellett's motion to dismiss the indictment [ECF No. 17] is DENIED.

DATED this 11th day of October, 2024.

Sara E. Hill
UNITED STATES DISTRICT JUDGE